Alison K. Guernsey
FEDERAL DEFENDERS OF EASTERN WASHINGTON AND IDAHO
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920

Attorneys for Defendant
KENNETH MAYNARD WILLIAMS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
(HONORABLE WM. FREMMING NIELSEN)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CR-08-6033-WFN-1 |
| vs. | DEFENDANT'S SENTENCING MEMORANDUM |
| KENNETH MAYNARD WILLIAMS, | |
| Defendant. | |

TO: MICHAEL C. ORMSBY, UNITED STATES ATTORNEY
ALEXANDER C. EKSTROM, ASSISTANT UNITED STATES ATTORNEY
DAVID MCCARY, UNITED STATES PROBATION

KENNETH MAYNARD WILLIAMS, through counsel, Alison K. Guernsey for the Federal Defenders of Eastern Washington and Idaho, submits the following memorandum in support of his request for a sentence of 10 months' imprisonment and termination of his federal supervision.

## I. BACKGROUND

On October 9, 2012, this Court held a supervised-release revocation hearing, at which Mr. Williams contested all three allegations. Following the hearing, the Court dismissed allegations 2 and 3 and found that Mr. Williams violated allegation number 1—that he not commit another state, federal, or local offense. *See* ECF No. 255 (Order at 2). This latter

DEFENDANT'S SENTENCING
MEMORANDUM           1

violation was premised on Mr. Williams's entry of an *Alford* plea to third-degree assault in Benton County. In light of the Court's finding, under the U.S. Sentencing Guidelines, Mr. Williams faces a advisory Guideline range of 18 to 24 months' imprisonment. This calculation is based on the fact that a third-degree assault is a Grade B violation. *See* U.S.S.G. § 7B1.1(a)(2). His original Criminal History Category was V, and the original offense Class was C. *Id.* § 7B1.4.

## II. ANALYSIS

When imposing a sentence for a violation of supervised release, the Court is required to consider several of the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). "The district court, however, is not to consider 'the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.'" *United States v. Hammons*, 558 F.3d 1100, 1104 (9th Cir. 2009). "This means that at a revocation sentencing, a court may appropriately sanction a violator for his 'breach of trust,' but may not punish him for the criminal conduct underlying the revocation." *Id.* (internal quotation marks omitted).

Here, the balance of the factors that this Court is permitted to consider under the law support a sentence of 10 months' imprisonment to be followed by no additional term of supervision.

**A.   Nature and Circumstances of the Offense**

First, looking at the nature and circumstances of the offense, Mr.

Williams maintains his factual innocence to the third-degree assault. As articulated previously, he entered an *Alford* plea. In the State of Washington, "by entering an *Alford* plea," a defendant "has not admitted committing the crime." *Clark v. Baines*, 84 P.3d 245, 251 (Wash. 2004). Moreover, this is not a case where the record indicates that Mr. Williams committed the assault and was merely given the benefit of being allowed to maintain factual innocence as part of a plea bargain. Instead, the prosecution had serious problems with its case.

In fact, there is no greater evidence of the questions surrounding Mr. Williams's guilt than the pleading that Deputy Prosecuting Attorney Megan A. Whitmire filed in state court. Among other things, this pleading revealed that there was a witness willing to testify at trial that the alleged assault victim "called the police to get [Mr. Williams] into trouble because [Mr. Williams] had accused [the victim] of stealing from him." *See* ECF No. 249 (Exhibit A Statement of Prosecutor).

Had Mr. Williams been allowed to testify as to the facts underlying the conviction at the supervised-release revocation hearing, he would have confirmed to the Court that he did not assault either Ms. Jones or Mr. Dave Baker that evening. And Mr. Williams's wife would have testified that as she was cleaning up the rental property, she uncovered that Ms. Jones and Mr. Baker had secreted away hundreds of Mr. Williams's tools.

Sadly, despite his innocence, Mr. Williams pleaded guilty to the assault. Given his criminal history, the sentencing exposure in the state

and the risk that the case would "go federal" was too high. Simply stated, Mr. Williams did not want to run the risk of never again seeing his children. When the State offered a fourteen-month plea deal, he jumped. The nature and circumstances of the violation support a sentence of 10 months' imprisonment to be followed by no further federal supervision.

### B.   History and Characteristics of Mr. Williams

Second, the history and characteristics of Mr. Williams also support the proposed sentence. Prior to his arrest, Mr. Williams was the model for this District's Sobriety Treatment Education Program ("STEP"). He was just six weeks away from graduating and, by all accounts, was doing well. Given the Court's familiarity with the STEP program, Mr. Williams has requested that the Court review his progress reports prior to imposing sentence. *See* Exhibit A (STEP Progress Reports). They uniformly demonstrate that while he suffered some setbacks, Mr. Williams had turned his life around.

The same positive progress is readily evident from Mr. Williams's "Phase 4" writing assignment, *see* Exhibit B, and his selected STEP workbook entries, *see* Exhibit C. The most compelling evidence of his transformation, however, is the glowing letters that his family has written to this Court in support of Mr. Williams. *See* Exhibit D (Family Letters). They demonstrate that, after STEP, Mr. Williams was not the same person. He was a better husband, father, community member, and, frankly, a better human being. *See id.*

## C.    Need to Afford Adequate Deterrence and Protect the Public

Third, the need to deter Mr. Williams and thereby protect the public also supports a sentence of ten months' imprisonment with no continued supervision. Again, Mr. Williams pleaded guilty to the state offense in an effort to continue with the goals that he had established while in STEP—to be a present and good family man who provided for his children and wife both economically and emotionally. *See* Exhibit C (Workbook Entries). The fourteen-month deal that the State offered ensured that he was home with his family fairly quickly.

Moreover, a ten-month sentence in federal court is the functional equivalent of the twenty-four month sentence that both the Government and the U.S. Probation Office are requesting. The timing in Mr. Williams's case is unique. Mr. Williams was moved into federal custody following his *Alford* plea to the third-degree assault conviction but before his sentence. As part of that plea deal, the State agreed to recommend that Mr. Williams's sentence run concurrent with any yet-to-be imposed federal sentence. *See* ECF No. 246-1 (Plea at 9) ("14 months, Run concurrent w/DOJ"). Now that Mr. Williams is in federal custody, however, he will not be returned to State custody until after service of his entire sentence. And, as this Court is aware, it would be impossible for the State to run its sentence concurrent to the already-discharged federal sentence.

## III.  CONCLUSION

For the foregoing reasons, Mr. Williams respectfully requests that the

Court impose a sentence of ten months' imprisonment. He also requests that the Court terminate his federal supervision. Both of these requests comprise a sentence that is no greater than necessary serve the purposes of punishment and are appropriate in this case.

//

Dated:    November 7, 2012.

Respectfully Submitted,

s/ Alison K. Guernsey
Alison K. Guernsey, 4667366
Attorneys for KENNETH MAYNARD WILLIAMS
Federal Defenders of
Eastern Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920
(509) 248-9118 fax
Alison_Guernsey@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: ALEXANDER C. EKSTROM, Assistant United States Attorney and DAVID MCCARY, United States Probation Office.

s/ Alison K. Guernsey
